1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| **KENNETH LEVEEN,** | Case No. 1:13-cv-00886 MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)** |
| v. | |
| **JAMES DAVIS, Warden,** | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |
| Respondent. | |

11
12
13
14
15
16
17

18      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

19 corpus pursuant to 28 U.S.C. § 2254.

20      In the petition filed on May 31, 2013, Petitioner challenges his September 13,

21 2002 conviction from the Fresno County Superior Court for multiple counts of forcible

22 oral copulation. A review of the Court's dockets and files shows Petitioner has previously

23 sought habeas relief with respect to this conviction. In case number 1:07-cv-01648-SMS,

24 Petitioner challenged the same underlying conviction. On April 18, 2008, the petition was

25 denied as untimely.

26 **I.    DISCUSSION**

27      A court must dismiss a second or successive petition that raises the same

28 grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second

1

1   or successive petition raising a new ground unless the petitioner can show that 1) the

2   claim rests on a new constitutional right, made retroactive by the United States Supreme

3   Court or 2) the factual basis of the claim was not previously discoverable through due

4   diligence, and these new facts establish by clear and convincing evidence that but for

5   the constitutional error, no reasonable factfinder would have found the applicant guilty of

6   the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court

7   that decides whether a second or successive petition meets these requirements; the

8   Petitioner must first file a motion with the appropriate court of appeals to be authorized to

9   file a second or successive petition with the district court.

10   Section 2244 (b)(3)(A) provides: "Before a second or successive application

11   permitted by this section is filed in the district court, the applicant shall move in the

12   appropriate court of appeals for an order authorizing the district court to consider the

13   application." In other words, Petitioner must obtain leave from the Ninth Circuit before he

14   can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.

15   651, 656-657 (1996). This Court must dismiss any second or successive petition unless

16   the Court of Appeals has given Petitioner leave to file the petition because a district court

17   lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v.

18   Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

19   Because the current petition was filed after April 24, 1996, the provisions of the

20   Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

21   petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that

22   he has obtained prior leave from the Ninth Circuit to file his successive petition attacking

23   the conviction. That being so, this Court has no jurisdiction to consider Petitioner's

24   renewed application for relief under Section 2254 and must dismiss the petition. See

25   Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed to bring this petition for

26   writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28

27   U.S.C. § 2244(b)(3).

28   ///

2

1    II.    **ORDER AND RECOMMENDATION**

2          The Court ORDERS the Clerk of Court to assign a United States District Court

3    Judge to the present matter.

4          The Court RECOMMENDS that the petition for writ of habeas corpus be

5    DISMISSED as successive.

6          These findings and recommendations are submitted to the United States District

7    Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

8    (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

9    Eastern District of California. Within thirty (30) days after being served with a copy, any

10   party may file written objections with the Court and serve a copy on all parties. Such a

11   document should be captioned "Objections to Magistrate Judge's Findings and

12   Recommendations." Replies to the objections shall be served and filed within fourteen

13   (14) days (plus three days if served by mail) after service of the objections. The Court

14   will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The

15   parties are advised that failure to file objections within the specified time may waive the

16   right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18

19

20

21   IT IS SO ORDERED.

22       Dated:   June 20, 2013          /s/ _Michael J. Seng_

23                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28